# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARK DIMONDSTEIN,

    *Plaintiff*,

v.

JERRY STIDMAN *et al.*,

    *Defendants*.

Civil Action No. 19-2474 (TJK)

## MEMORANDUM OPINION

Plaintiff Mark Dimondstein, President of the American Postal Workers Union (APWU), asserts libel claims against Defendants Jerry Stidman and Jonathan Kelley, two APWU members and—Dimondstein alleges—longstanding critics of his leadership. Before the Court is Defendants' motion to transfer or, in the alternative, to dismiss the case for improper venue and lack of personal jurisdiction. ECF No. 8. For the reasons explained below, the Court will grant the motion and dismiss the case for improper venue.

## I. Background

Dimondstein lives and works in the District of Columbia, where the APWU is headquartered. ECF No. 1 ¶¶ 3, 6. He alleges that in July 2019, while he was running for re-election, Stidman, a resident of Indiana, posted on his blog a press release and other material that defamed him, and Kelley, a resident of Wisconsin, republished the material by posting a link to Stidman's blog post on Facebook. *Id.* ¶¶ 3–4, 12, 20–24. He asserts one count of libel against each Defendant. *Id.* ¶¶ 5–6. Defendants do not contest those facts (other than that the material was defamatory). *See* ECF No. 8-1. They add that neither of them sent the material to the District of Columbia by ordinary or electronic mail. Declaration of Jerry Stidman, ECF No. 9-1 ("Stidman Decl.") ¶ 7; Declaration of Jonathan Kelley, ECF No. 9-1 ("Kelley Decl.") ¶ 7.

Moreover, neither of them has been to the District of Columbia since Stidman visited as a tourist over 30 years ago. Stidman Decl. ¶ 4; Kelley Decl. ¶ 4.

## II. Legal Standard

When venue is challenged, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)). The Court need not, however, accept the plaintiff's legal conclusions as true, *Darby*, 231 F. Supp. 2d at 277, and may consider material outside the pleadings. *See Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). Although a defendant challenging venue must present facts that defeat the plaintiff's assertion of venue, proving venue remains the plaintiff's burden. *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## III. Analysis

Under 28 U.S.C. § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Dimondstein pleads that venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(2) because Defendants' "conduct was targeted to cause injury in this District such that a substantial part of the events or omissions giving rise to this claim occurred here." ECF No. 1 ¶ 2. He argues, in effect, that venue is appropriate because he was injured here, where he lives and works. ECF No. 13 at 1. The Court disagrees.

Dimondstein has the burden of showing that "a substantial part of the events or omissions giving rise to [his] claim[s] occurred" "in" the District of Columbia. 28 U.S.C. § 1391(b)(2). But it does not appear that *any* of the events that gave rise to his claims occurred here; they happened in Indiana and Wisconsin.[1] Another court in this District reached a similar conclusion in a recent case in which Texas citizens distributed material over the internet that allegedly defamed an organization in the District of Columbia. *See Nigerians in Diaspora Org. Americas v. Ogbonnia*, 203 F. Supp. 3d 45, 47 (D.D.C. 2016) (dismissing the case for lack of venue because the plaintiff "[had] not alleged that any of the 'events or omissions giving rise to the claim[s],' occurred in the District of Columbia" (second alteration in original)). Moreover, an allegation of injury in this judicial district, without more, does not mean that venue is proper here. As one court observed in a contract case, "the fact that the plaintiff may feel damages in the District of Columbia does not create venue." *Abramoff v. Shake Consulting, L.L.C.,* 288

---

[1] Dimondstein also argues that venue is proper in the District of Columbia under 18 U.S.C. § 1391(b)(3). *See* ECF No. 13 at 8–9. That catchall provision only applies "if there is no district in which an action may otherwise be brought as provided in this section." But because "a substantial part of the events or omissions giving rise to" Dimondstein's claims happened in other judicial districts—at the very least in Indiana—venue would be proper elsewhere under § 1391(b)(2). As a result, this provision is of no moment.

F. Supp. 2d 1, 5 (D.D.C. 2003).[2] These decisions accord with the well-recognized principle that "[b]ecause venue is intended to protect defendants, 'courts often focus on the relevant activities of the defendant . . . in determining where a substantial part of the underlying events occurred.'" *Great Socialist People's Libyan Arab Jamahiriya v. Miski*, 496 F. Supp. 2d 137, 142 (D.D.C. 2007) (citing *Abramoff*, 288 F. Supp. 2d at 4). And there is no dispute that all Defendants' "activities" that gave rise to Dimondstein's claims occurred elsewhere. Venue may, of course, be appropriate in more than one judicial district under § 1391(b)(2), and Dimondstein need not show that "every event that supports an element of [his] claim occurred in the district where venue is sought," *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 57 (D.D.C. 2006). Still, to establish venue, he must show that a *substantial part* of the events or omissions giving rise to his claims occurred here. *See* 28 U.S.C. § 1391(b)(2). For the above reasons, he has not done so.[3]

---

[2] Even if the location of a plaintiff's injury were relevant for venue purposes, the Court notes that Dimondstein has not alleged facts that would even show that "a substantial part" of his *injury* occurred here. To the contrary, he has not alleged that anyone in the District of Columbia read the allegedly defamatory material, and the complaint strongly suggests that Defendants posted the material to damage his reputation with APWU members. ECF No. 1 ¶¶ 13–15, 24. Defendants confirm that they directed their posts at APWU members and further represent that only a tiny percentage of those members live in the District of Columbia. ECF No. 14 at 2.

[3] By arguing that venue is proper because Defendants "expressly aimed" their purported actions at the District of Columbia, *see* ECF No. 13 at 1, 4, 7–9, Dimondstein appears to conflate the tests for venue and personal jurisdiction. *See* ECF No. 13 at 6–8 (asserting that, under *Walden v. Fiore*, 571 U.S. 277, 288 (2014), Defendants' conduct occurred in the District of Columbia for the purpose of establishing personal jurisdiction; therefore, it also occurred in the District of Columbia for venue purposes). But venue and personal jurisdiction are different inquiries. *Bullock v. Washington Metro. Area Transit Auth.*, 943 F. Supp. 2d 52, 58 n.2 (D.D.C. 2013); *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (4th ed. 2019) (noting that "unless the applicable venue statute makes venue proper wherever personal jurisdiction exists, one should not conclude that venue is proper simply because the defendant is subject to personal jurisdiction"). In any event, the Court need not—and does not— conclude that it has personal jurisdiction over Defendants. *See Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283, 293 (D.D.C. 2014). To the contrary, although the Court does not reach the issue, it appears likely that it does not. This Circuit has repeatedly rejected the argument that a

When venue is improper, a district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This decision is committed to the sound discretion of the court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transferring such cases to an appropriate judicial district rather than dismissing them. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67 (1962).

Defendants argue that the Court should transfer the case to the Southern District of Indiana, where they claim venue is proper. ECF No. 8 at 7–8. Presumably they believe that "a substantial part of the events or omissions giving rise to the claim[s] occurred" there under 28 U.S.C. § 1391(b)(2). Stidman avers that he lives in Terre Haute, Indiana, within that judicial district. Stidman Decl. ¶ 2; 28 U.S.C. § 94(b)(2). He also states that he was present in Indiana during the relevant time. Stidman Decl. ¶ 8.

Even assuming venue would be proper in the Southern District of Indiana, however, that alone does not mean transfer there is appropriate.[4] To transfer the case under 28 U.S.C. § 1406(a), this Circuit's precedent requires the Court to determine that the transferee court would have had personal jurisdiction over all defendants. *Fam v. Bank of Am. NA (USA),* 236

---

defamatory act occurs *in* the District of Columbia merely because a plaintiff suffers injury here. *Forras v. Rauf*, 812 F.3d 1102, 1106–08 (D.C. Cir. 2016). And the Court doubts, as Dimondstein argues, that merely paying dues to a union that happens to be headquartered in the District of Columbia is enough to permit personal jurisdiction under the District of Columbia's long-arm statute, D.C. Code § 13–423(a)(4). *Cf. Bauman v. Butowsky*, 377 F. Supp. 3d 1, 7–8, 8 n.3 (D.D.C. 2019) (holding that voluntary donations to District of Columbia-based political organizations did not constitute a "plus factor" for the purposes of long-arm jurisdiction under § 13–423(a)(4)).

[4] Stidman's declaration does not remove all doubt that venue would be proper in the Southern District of Indiana because he does not specifically assert that he posted the allegedly defamatory material while present in that judicial district, as opposed to elsewhere in Indiana. *See generally* Stidman Decl.; 28 U.S.C. § 94(b).

F. Supp. 3d 397, 410 (D.D.C. 2017); *see also Coltrane v. Lappin*, 885 F. Supp. 2d 228, 235 (D.D.C. 2012) (citing *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981)). Personal jurisdiction over Stidman in the Southern District of Indiana is apparent because he resides there. Stidman Decl. ¶ 2. And Kelley, for his part, asserts that he would consent to personal jurisdiction there. Kelley Decl. ¶ 9. But the Supreme Court has interpreted 28 U.S.C. § 1404(a)—which includes language almost identical to that in § 1406(a)—to require a potential transferee court to possess personal jurisdiction over the defendants when the complaint was filed. *See Hoffman v. Blaski*, 363 U.S. 335, 340–44 (1960). Nothing in the record here suggests that a court in the Southern District of Indiana could have asserted personal jurisdiction over Kelley when this action began. *See generally* Kelley Decl. For that reason, the Southern District of Indiana is not a district in which this case "could have been brought" under 28 U.S.C. § 1406(a).

The Court must therefore dismiss the case for improper venue. The Court notes that dismissal does not appear to bar Dimondstein's claims by operation of a statute of limitations in either Indiana or Wisconsin. Ind. Code Ann. § 34-11-2-4 (establishing a 2-year statute of limitations); Wis. Stat. Ann. § 893.57 (establishing a 3-year statute of limitations). A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 18, 2019